# 9 FAM 41.113 PN17  REVIEW OF VISA ISSUANCES

*(CT:VISA-1789;   12-16-2011)*

a. Consular supervisors must review as many nonimmigrant visa (NIV) issuances as is practicable, but not fewer than 10% of NIVs issued.  Systematic, regular review of approved NIV applications is a significant management and instructional tool to maintain the highest professional standards of adjudication.  It also ensures uniform and correct application of applicable law and regulations.  This review should be done with a view to enhancing U.S. border security.  The designated supervisory officer must review the case and either confirm or disagree with the issuance. (See 9 FAM Appendix G, 101.3, Supervisory Duties, for information regarding supervisory review and VLA violations.)

b. At small posts, especially when adjudicating officers are relatively inexperienced, reviewing officers should review a larger percentage of cases.  In addition, at some posts local conditions, including security or fraud concerns, could require that more than 10% must be reviewed.  Regardless of the percentage, the reviewing officer must review all non-INA 221(g) overcome cases, all issuances subject to Visas Donkey security advisory opinion (SAO) requests, 20% of Third Country National (TCN) issuances, and a random sample of other issuances.  If these cases total more than 10% of the day's issuances, then this larger percentage must be reviewed.  The Visa Office encourages posts to use their knowledge of local conditions to identify other subsets of issuances for review as appropriate.  For example, some posts may wish to review all TCN issuances or all issuances subject to SAO requests.

c. Reviewing officers should pay particular attention to issuances of inexperienced officers.  The less visa adjudication experience an officer has, the greater the percentage of issuances that you should review.  You should review at least 50% of the cases issued by an officer with no previous NIV adjudication experience during his or her first month.  As an officer gains experience and competence over time, the percentage of issuances reviewed should decline as determined appropriate by the reviewing officer and ultimately conform to the norm outlined above.

d. The reviewing officer should be the issuing consular officer's direct supervisor, regardless of whether the reviewing officer has a consular commission and title.  In all cases, the reviewing officer must be in the issuing officer's supervisory chain of command.  While the reviewing officer may wish to see the complete paper documentation associated with the cases reviewed, he or she must indicate his or her decision in the NIV Adjudication Review report in the Consular Consolidated Database (CCD).  The issuances must be reviewed without delay; that is, on the day of the issuance or as soon as is administratively possible.

e. If the chain of command rule of the previous paragraph results in a reviewing officer who does not have a consular commission and title (some Deputy Chiefs of Mission, for example, may not be authorized to adjudicate visas), that officer must nevertheless review issuances.  The review should focus on, but not necessarily be limited to, the visa recipient's likelihood to maintain lawful status in the United States and not engage in activities beyond the scope of the visa category, including his or her potential threat to people and property in the United States.  Reviewing officers should be alert to patterns of issuances that appear to fall outside the general norms for a post, such as issuances to TCNs or applicants who appear only marginally eligible, or unexplained overcomes of hard refusals.  While reviewing officers without consular experience cannot be expected to know the breadth and

depth of visa statutes and regulations, they can add value to the issuance process by applying their knowledge of national security threat assessments, local conditions, and global trends. At posts with a single consular officer, the reviewer, adjudicating officer and Regional Consular Officer (RCO) must make issuances a regular topic of discussion during the RCO's visits.

f. If a reviewing officer as described in the above paragraph concurs with the issuance, he or she, like any other reviewing officer, must indicate his or her decision in the NIV Adjudication Review report in the CCD.