U.S. Department of State Foreign Affairs Manual Volume 9 - Visas

# 9 FAM 40.6
# NOTES

*(CT:VISA-923;  01-10-2008)*
*(Office of Origin:  CA/VO/L/R)*

# 9 FAM 40.6 N1  INADMISSIBILITY FINDINGS/REFUSAL CODES AND "QUASI" INELIGIBILITIES/LOOKOUT CODES

*(CT:VISA-923;  01-10-2008)*

a. You (consular officers) should only make a formal finding of inadmissibility in the context of visa application or revocation of an existing visa.  A "hard" refusal code entry should only be placed in consular lookout and support system (CLASS) if you are denying or revoking a visa.

b. If you obtain derogatory information outside the context of an application or revocation, you should enter the alien's name in the CLASS lookout system under the appropriate "P" ("quasi-refusal") code corresponding to the suspected or presumed inadmissibility.  The alien's eligibility should then be resolved if and when the alien applies for a visa.

c. You may enter a quasi-refusal in only two general cases:

   (1)  If you obtain derogatory information outside the context of an application or revocation (see 9 FAM 41.122 PN2); or

   (2)  When the ineligibility determination is pending a fraud investigation, an advisory opinion (AO) or security advisory opinion (SAO) for instance from the Department (3B some types of 6Ci refusals, for instance, need visa office (VO) concurrence), or pending petition revocation at Department of Homeland Security/U.S. Citizenship and Immigration Services (DHS/USCIS).  You do not enter a quasi-refusal if you lack the evidence for a "hard" ineligibility under the law (i.e., you cannot refuse an applicant P2a1 if the applicant has committed a crime, but the crime does not rise to the level of moral turpitude.)

   **NOTE:**  A quasi-refusal, by definition, is not a refusal.  It is not a determination of eligibility.  You cannot conclude a case by simply entering a quasi-refusal; you must enter a "hard" refusal.  You may not deny or revoke a visa based solely on "quasi-ineligibility."  If an alien applies for a visa, the alien's eligibility must be definitively

      resolved.

d. For instance, if you suspect an applicant may have committed fraud but need an advisory opinion (AO) from the Department to confirm, you must enter the case as both INA P6C1 and 221g. Not entering a hard refusal also affects posts' workload statistics since those cases will not be reported as adjudicated.

e. One temporary exception to the rule is the use of the PH2R quasi-refusal code. Posts are authorized to use this code when issuing H2Bs to qualified H2R applicants on petitions with employment start dates in both FY 2007 and FY 2008, regardless of whether they are labeled as "returning workers." A PH2R entry in this case is designed for Department recordkeeping only.

# 9 FAM 40.6 N2  REFERRAL OF CASES TO DEPARTMENT FOR ADVISORY OPINIONS (AO)

## 9 FAM 40.6 N2.1  Requests for Department Guidance

(CT:VISA-884;   05-17-2007)

You should submit an advisory opinion (AO) in any case where a question exists regarding the interpretation or application of law or regulation.

## 9 FAM 40.6 N2.2  Deferred Issuance Pending Advisory Opinion Receipt

(TL:VISA-653;   08-31-2004)

If the Department's opinion has been requested, a visa may not be issued until the opinion has been officially rendered and communicated to the requesting post.

# 9 FAM 40.6 N3  EFFECT OF DEPARTMENT OF HOMELAND SECURITY/U.S. CITIZENSHIP AND IMMIGRATION SERVICES (DHS/USCIS) LOOKOUT ENTRIES

## 9 FAM 40.6 N3.1  Effect of Definitive DHS/USCIS

## Inadmissibility Findings

*(CT:VISA-923;  01-10-2008)*

a. DHS/USCIS findings of inadmissibility generally are entered into the **Treasury Enforcement Communication System (TECS)**, and these entries pass electronically into the Department's **CLASS** lookout system.

b. If you determine that an alien is identifiable with the subject of a DHS/USCIS-generated lookout entry indicating a definitive determination of inadmissibility, you may assume that the finding was correct and may refuse the application under the particular INA section indicated by the DHS/USCIS lookout entry, unless the inadmissibility is non-permanent and can be overcome through changed circumstances (e.g., medical or public charge inadmissibility) or the entry relates to an inadmissibility that only applies at the port of entry (POE) and is not a basis for a visa refusal (e.g., INA 212(a)(7)(A)).

c. Except in cases involving non-permanent inadmissibility, you should not look behind a definitive DHS/USCIS finding or re-adjudicate the alien's eligibility with respect to the provision of inadmissibility described in the DHS/USCIS lookout entry.

## 9 FAM 40.6 N3.2  Processing Refusals Based on DHS/USCIS Findings of Inadmissibility

*(CT:VISA-923;  01-10-2008)*

You should inform the applicant that:

(1)  The refusal was based on a finding of inadmissibility made by DHS/USCIS, without referring to the existence of a DHS/USCIS computer lookout on the applicant.

(2)  If the subject of a definitive DHS/USCIS entry wishes to pursue his or her application, he or she will require a waiver of inadmissibility from DHS/USCIS (if available).  (See 9 FAM 40.6 N4.2.)

(3)  If the alien maintains that the DHS/USCIS finding was erroneous, you should generally advise the applicant to contact DHS/USCIS directly to request reconsideration of the finding of inadmissibility and deletion of any lookout.

(4)  You may choose to contact DHS/USCIS on behalf of the applicant in appropriate cases, such as where important United States interests are at stake or where you have information that could assist DHS/USCIS in reconsideration of the case.

## 9 FAM 40.6 N3.3  Overcoming a Refusal Based on

# an DHS/USCIS Finding

*(CT:VISA-884; 05-17-2007)*

If you refuse an application based on a definitive DHS/USCIS lookout entry and DHS/USCIS subsequently determines that the finding was erroneous and deletes its entry, then you may process the case to conclusion and should send in a Visas CLOK cable requesting deletion of any post-originated CLASS entry which may have been made as a result of the DHS/USCIS entry. If, notwithstanding DHS/USCIS' removal of the entry, you believe that the facts on which DHS/USCIS entry were based justify a finding of inadmissibility, you should refer the case to the Department for an advisory opinion (AO).

# 9 FAM 40.6 N3.4  Resolving Quasi-Refusal Ineligibilities in Lookout Entries

*(CT:VISA-923; 01-10-2008)*

a. When you encounter a quasi-refusal in CLASS, like any other hits, you must resolve it before issuing a visa. The two exceptions are quasi-ineligibilities that can only be adjudicated at the port of entry (POE) such as ineligibility under INA 212(a)(7), or a quasi-ineligibility that does not apply to that visa class. If an applicant has a quasi-refusal hit in the system, you need to find the supporting case from your files, another post, or DHS/USCIS and resolve the hit. If you believe the ineligibility does not apply and it is a State-generated hit, you must request that the post that made the entry to CLOK out the quasi-refusal.

b. You should generally confront the alien with the derogatory information, unless it is classified, law enforcement sensitive, Sensitive but Unclassified (SBU), or other-agency sourced, and give them an opportunity to present rebuttal evidence, after which you can make a definitive determination and, if the alien is found inadmissible, definitive ("hard") refusal code entry should be placed in CLASS.

c. If there is a DHS/USCIS-entered quasi-refusal ("P") lookout in CLASS, the entry has no binding effect, and you should evaluate the derogatory information that formed the basis for the lookout and should adjudicate the applicant's eligibility. If you determine that the applicant is not inadmissible, you should issue the visa and annotate it appropriately to ensure that DHS/USCIS inspectors from a POE or other DHS/USCIS office will understand that you were aware of the DHS/USCIS "P" lookout and concluded nonetheless that the applicant was admissible. You can request that DHS/USCIS remove the hit, but that may not be done in time for the applicant to travel. If you issue a visa over a DHS/USCIS "P" entry, you should remind the applicant that he or she will be subject to

inspection upon arrival in the United States and that DHS/USCIS has the independent authority to deny the alien admission, notwithstanding the alien's valid visa.

d. In the event of a disagreement between posts, or post and DHS/USCIS, over the correct application of an ineligibility, you should contact VO/L/A (for most ineligibilities) or VO/L/C (for 212(a)(3) ineligibilities).

## 9 FAM 40.6 N3.5  U.S. Customs and Border Protection (CBP) Inspectors' Notes on Form I-275, Withdrawal of Application/Consular Notification

*(CT:VISA-884;   05-17-2007)*

a. U.S. Customs and Border Protection (CBP) officers sometimes make notes regarding a finding of inadmissibility or derogatory information regarding an alien on Form I-275, Application for Withdrawal of Application/Consular Notification.  A typical example of such notes is "Subject is inadmissible under INA 212(a)(6)(C)(i)" (or some other ground).  Such notes, unless they are backed by the corresponding definitive (i.e., not quasi – see 9 FAM 40.6 N3.4 c above for procedures if there is a corresponding quasi-refusal) DHS/USCIS CLASS entry, merely reflect the immigration officer's opinion and have no binding effect on you.  If there is a corresponding definitive CLASS entry, you must proceed as directed in 9 FAM 40.6 N3.1 above.

b. If there is no corresponding definitive CLASS entry, you must evaluate the information on the Form I-275 and adjudicate the applicant's admissibility for a visa independently.  The factual summary included in many Form I-275 and any question and answer section between the applicant and the CBP officer, for example, sometimes will permit you to make a visa refusal or to pursue a finding of inadmissibility for a visa under the 30/60-day rule (see 9 FAM 40.63 N4.7 for more information on the 30/60-day rule).

## 9 FAM 40.6 N4  OVERCOMING OR WAIVING A REFUSAL IN NONIMMIGRANT VISA (NIV) OR IMMIGRANT VISA OVERCOME (IVO)

### 9 FAM 40.6 N4.1  Overcoming a Refusal

*(CT:VISA-923;   01-10-2008)*

a. You should find that an applicant has overcome an immigrant visa (IV) or nonimmigrant visa (NIV) refusal under INA 221(g) in two instances:

when the applicant has presented additional evidence, allowing you to re-open and re-adjudicate the case, or when the case required additional administrative processing, which has been completed.  An IV applicant missing a birth certificate, for instance, should be refused INA 221(g) pending that certificate (see 9 FAM 41.121 PN1 for guidance on INA 221g refusals).  When the applicant returns with the document, you should overcome the previous refusal, allowing the case to be adjudicated.

b. Similarly, if an applicant refused under INA 212(a)(4), who subsequently presents sufficient evidence to overcome the public charge inadmissibility, you should process the case to completion.  22 CFR 42.81(e) "limits the period of review of an IV refusal to one year from the date of refusal."  9 FAM 40.41 N12 provides guidance on when to use INA 221(g) and when INA 212(a)(4) would be more appropriate.

c. In a case in which you are unable to issue a visa because additional administrative processing was required, you should determine that the INA 221(g) refusal has been overcome once you received the needed information.  Thus, if post needs to do a fraud investigation or send an Security Advisory Opinion (SAO), there should be a 221(g) entry made at the end of the interview, and the case should be reopened when the additional information is obtained.  (See 9 FAM Appendix G 501.5.)

d. In general, you should not find that an applicant has overcome a refusal under INA 214(b).  Most INA 214(b) cases are refused because the applicant has not convinced the officer of his or her intent to return abroad after his or her stay in the United States, as required under INA 101(a)(15)(B) (see 9 FAM 41.31 N2.3 and 9 FAM 40.7 Notes).  As such, the only way to reassess the applicant's eligibility would be for the applicant to reapply.  In this situation, you should create a new case in the system.

e. However, Overcome/Waive (O/W) may be appropriate for INA 214(b) cases when a supervisor believes the INA 214(b) refusal was in error perhaps because you did not believe the applicant fit any of the other standards of the NIV classification for which he or she had applied (see 9 FAM 40.7 N1.1).  If a supervisor overcomes such a case he or she should discuss it with the refusing officer and take personal responsibility for the case (see 9 FAM 41.121 PN1.2-9).

## 9 FAM 40.6 N4.2  Waiving an Immigrant Visa (IV) or Nonimmigrant Visa (NIV) Inadmissibility

*(CT:VISA-923;  01-10-2008)*

There is no waiver available for refusals under INA 214(b) and INA 221(g).  The DHS/USCIS has the authority to waive most IV and NIV ineligibilities.  INA 212(d)(3)(A) waivers in NIV cases require an initial waiver

recommendation from you or the Department.  (See 9 FAM 40.301, for information on NIV waivers under INA 212(d)(3)(A) (8 U.S.C. 1182(d)(3)(A)), and 9 FAM 40.6 Exhibit I for IV and NIV waivers.)